ORIGINAL

FILED
JUN 15 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

T.B. PENICK & SONS, INC.

Plaintiff,

v.

THE UNITED STATES OF AMERICA, GENERAL SERVICE ADMINISTRATION,

Defendant.

Case No. 06-463-C

**COMPLAINT**

Plaintiff T.B. Penick & Sons, Inc. ("Penick") alleges as follows:

1. The United States Court of Federal Claims has jurisdiction in this matter pursuant to 28 U.S.C. section 1491 and 41 U.S.C. section 601, et seq., the Contract Disputes Act of 1978.

2. Penick is, and at all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of California, and doing business as a general contractor.

3. Defendant the United States of America is, and at all time herein mentioned was, acting by and through the United States General Service Administration which is, and at all times herein mentioned was, an agency of the United States of America.

4. On or about December 22, 2003, Penick entered into a written agreement ("Contract") with the General Services Administration ("GSA"). Pursuant to the Contract, Penick agreed to furnish the labor, materials, equipment, and incidentals necessary to construct the New Temecula Border Patrol Facility Station located in Murrieta California, pursuant Contract No. GS-09P-04-KTC-0022, Project No. RCA 96100 ("Project"). The Contract, which incorporates by reference the plans, specifications, and other contract documents (hereinafter collectively referred to as "Contract Documents"), is voluminous and not attached hereto but it is

and has been made available to the Defendant and is incorporated by reference as though fully set forth herein.

5. The Contract Documents generally required the construction of several structures, totaling approximately 26,0000 gross square feet, including, but not limited to, a concrete block and steel frame station building, a block and steel frame vehicle maintenance facility, and a steel frame covered sallyport and 36 car parking canopy.

6. In consideration therefore, the GSA agreed to pay Penick the sum of $7,950,000. During the course of construction, Penick and the GSA agreed in writing to changes in the scope of work which increased the Contract price by $357,537 to $8,307,537.00.

7. To date, Penick has been paid $7,408,494 for labor and materials furnished to the Project. Thus, the sum of $899,043 remains unpaid and owing to Penick from the GSA for work furnished pursuant to the Contract Documents and agreed upon written change orders. The GSA has failed and refused to pay said sum, and instead, has improperly and unilaterally assessed liquidated damages against Penick in the amount of $749,800.

8. Further, during the course of construction, the GSA issued numerous directives concerning changed conditions and various other issues which constitute constructive changes to the Contract, and entitle Penick to additional compensation and time extensions.

9. The GSA's constructive changes to the Contract have caused Penick to incur additional costs for labor, materials and equipment, overhead, and other associated costs.

10. During the course of the work and thereafter, Penick submitted in excess of 30 separate claim letters to the GSA for additional compensation and time extensions, and requested Contracting Officer's Final Decisions. Further, Penick anticipates that it may submit additional claim letters for additional compensation for disputed work and for unanticipated delays and disruptions caused by the GSA.

11. The total claims for additional labor and materials, equipment and overhead is a sum in excess of $1,139,000.00. Further, Penick seeks time extensions of at least 370 days.

12. Said claims have all been or will be denied by Contracting Officer's Final

Decisions, or the Contracting Officer has failed to timely respond to all or some of said claims.

13. Penick has performed all obligations required of it under the Contract Documents to be performed unless otherwise excused by the failure to perform by the GSA.

14. As a direct and proximate result of the GSA's refusal to pay the outstanding contract balance due and to make the appropriate equitable adjustments for changed conditions and extra work outside the scope of the Contract Documents, Penick has been damaged in a sum in excess of $2,000,000 according to proof, together with interest thereon as provided in the Contract Disputes Act.

15. The GSA's failure and refusal to fully compensate Penick for the above-discussed changes to the Contract pursuant to Penick's performance of the changed and/or additional work at the direction of the GSA is without substantial justification. Accordingly, pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412 et seq., Penick is entitled to attorneys' fees and other expenses incurred in relation to and in furtherance of the presentation and prosecution of the claims in this litigation.

WHEREFORE, Penick prays for judgment as follows:

1. For damages in a principal sum in excess of $2,000,000 accordingly to proof together with interest thereon pursuant to the Contract Disputes Act;

2. For reasonable attorneys' fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: June 5, 2006

By: ______________________

Craig A. Ramseyer
Katherine M. Knudsen
530 B Street, Suite 2100
San Diego California 92101
Telephone (619) 238-1900
Facsimile (619) 235-0398

Attorneys for Plaintiff
T.B. Penick & Sons, Inc.



109514.000022/610369.01