**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| T.B. PENICK & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Electronic Filing |
| | ) | |
| v. | ) | No. 06-463C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court order the plaintiff to provide a more definite statement of the factual basis of its claim. Specifically, the United States requests that the Court order the plaintiff to identify each of the "in excess of 30 separate claim[s]" that are referenced in paragraph 10 of the complaint so that the United States may adequately formulate a response to the complaint.

STATEMENT OF THE ISSUES

Whether the Court should order plaintiff T.B. Penick & Sons, Inc., to submit a more definite statement of its claim consisting of a schedule of the individual claims that comprise the "in excess of 30 separate claim[s]" referenced in paragraph 10 of the complaint.

STATEMENT OF THE CASE

Plaintiff T.B. Penick & Sons, Inc. ("TBP") alleges that it is a party to Contract No. GS-09P-04-KTC-0022, Project No. RCA 96100, and all applicable modifications thereto (the "TBP contract"), with the General Services Administration ("GSA"). Complaint at ¶4. The TBP contract generally requires TBP to construct various concrete and steel structures at the New Temecula Border Patrol Facility Station located in Murrieta, California, in exchange for a

contract price of $7,950,000. Id. at ¶¶ 4-6. TBP alleges that is has not been paid $899,043 due under the TBP contract, that the General Services Administration ("GSA") has improperly assessed $749,800 in liquidated damages against TBP, and that TBP is entitled to more than $1,139,000 pursuant to "in excess of 30 separate claim letters submitted to the GSA." Id. at ¶¶ 7, 10, 11. TBP also alleges that it anticipates filing additional claims at some point in the future. Id. at ¶10. TBP asserts that this Court has jurisdiction over this case pursuant to both 28 U.S.C. § 1491 (the "Tucker Act") and 41 U.S.C. §§ 601, et seq., (the "Contract Disputes Act"). Id. at ¶1.

## ARGUMENT

The United States respectfully requests that the Court order TBP to provide a more definite statement of the "in excess of 30 separate claim[s]" referenced in paragraph 10 of the complaint so that the defendant may formulate its response to the complaint. Rule 12(e) empowers this Court to order a party to file a more definite statement if the original pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a response." RCFC 12(e). While RCFC 8 only requires notice pleading, the United States Supreme Court has observed that "other pretrial procedures established by the Rules," including Rule 12(e), allow the parties "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Conley v. Gibson, 355 U.S. 41, 47-48 n. 9 (1957) (discussing the Federal Rules of Civil Procedure).

In cases brought by a contractor pursuant to the Contract Disputes Act, this Court's jurisdiction is predicated upon, among other things, whether and when the contractor presented its claim to the contracting officer. It is well-settled that, until the contractor has submitted a

proper claim to the contracting officer, and the contracting officer has rendered a final decision on that claim (or is deemed by inaction to have denied the claim), the contractor has not exhausted the mandatory administrative remedies that are a jurisdictional prerequisite to seeking review of the claim in this Court. Sharman Co., Inc. v. United States, 2 F.3d 1564 (Fed. Cir. 1993); Overall Roofing & Constructors, Inc. v. United States, 929 F.2d 687 (Fed. Cir. 1991). Furthermore, this Court lacks jurisdiction to entertain claims where the contractor does not seek review within 12 months of the contracting officer's final decision on the claim. See 41 U.S.C. §§ 605(b), 609(a)(3); see also Borough of Alpine v. United States, 923 F.2d 170, 172 (Fed. Cir. 1991). Finally, a contractor may not raise new claims in litigation before this Court that have not previously been presented and, where applicable, certified to the contracting officer. See Laidlaw Environmental Services (GS), Inc. v. United States, 43 Fed. Cl. 44, 49 (Fed. Cl. 1999) (citing Tecom v. United States, 732 F.2d 935, 937-38 (Fed. Cir. 1984)).

The complaint generally alleges that this Court possesses jurisdiction over this case under the Contract Disputes Act, but it does not identify any specific facts about the "in excess of 30 separate claim[s]" in dispute that would allow either the defendant or the Court to assess the Court's jurisdiction over those claims. The only date mentioned in the complaint is December 22, 2003 -- the date TBP allegedly entered into the TBP contract. The complaint does not indicate, however, when any of the claims for which it seeks review were submitted or when the contracting officer issued final decisions on those claims. Therefore, TBP's complaint may be premature with respect to any recent claims where the contracting officer did not issue a final decision. Conversely, TBP's earliest claims may have become unreviewable by this Court because the final decision for such claims was received by the contractor more than 12 months

prior to the filing of this case.

Although issues regarding the Court's subject matter jurisdiction over a particular case can and should be raised at any time, the RCFC encourage the defendant to address any such issues in its response to the complaint. See RCFC 12(b)(1). Absent details about the disputed claims, the defendant can only speculate that some or all of TBP's claims fall outside the Court's jurisdiction, and such speculation is not a proper basis for a motion to dismiss. However, if TBP adequately identifies the specific claims that comprise the "in excess of 30 separate claim[s]" it filed with the GSA, the defendant will be in a much better position to submit an appropriate response to the complaint.

TBP's vague allegation about the 30-plus claims also leaves the defendant unable to admit or deny -- with or without qualification -- that such claims were sent to the contracting officer and that the value of those claims exceeds $1,139,000. We agree that, in general, TBP has been a prolific filer of claims under the TBP contract. However, our review of the GSA file on the TBP contract did not reveal "in excess of 30 separate claim[s]" that TBP contends are both ripe for review and have an aggregate value exceeding $1,139,000. Counsel for the defendant requested a schedule of the specific claims contemplated in the complaint; plaintiff's counsel provided a rough list, but the defendant was not able to reconcile that list with either its own files or the amount claimed in the complaint. In short, without a more definite statement on the record that specifically identifies the individual claims and amounts sought for each claim, the defendant can only guess as to which claims TBP seeks to challenge in this case. Accordingly, the defendant cannot, in good faith, admit or deny the plaintiff's blanket allegations that it has "submitted in excess of 30 separate claim letters to the GSA for additional

compensation and time extensions, and requested Contracting Officer's Final Decisions," and that the values of those claims exceeds $1,139,000.

Finally, requiring TBP to provide a more definite statement of the claims for which it seeks review will promote orderly, efficient litigation in accordance with the purpose of the RCFC. See RCFC 1 (the purpose of the RCFC is "to secure the just, speedy, and inexpensive determination of every action"). If there are actually more than 30 individual claims at issue in this case, the litigation will be complex and could become very unwieldy if it is not organized from the beginning. This motion is a prime example -- had TBP identified the specific claims at issue in this litigation, the defendant could have either answered or filed an appropriate dispositive motion, and the parties could then move this litigation forward. Instead, our inability to fully assess TBP's complaint requires this ancillary motion that will, in turn, probably lead to either an answer or a dispositive motion. If the Court requires TBP to identify the "in excess of 30 claims" now, this litigation should proceed more smoothly in the future.

## CONCLUSION

For these reasons, we respectfully request the Court to order T.B. Penick & Sons, Inc., to provide a more definite statement of its claim, specifically, identifying each of the "in excess of 30 separate claim[s]" mentioned in paragraph 10 of the complaint so that the United States may adequately formulate a response to the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN

Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

OF COUNSEL:
NIRLIP K. SYAN
Assistant Regional Counsel
U.S. General Services Administration

/s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0170
Fax: (202) 514-8624

October 13, 2006

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on October 13, 2006, a copy of the foregoing "DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Devin A. Wolak
DEVIN A. WOLAK