IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| T.B. PENICK & SONS, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Electronic Filing<br>Case No.: 06-463-C<br>(Judge Baskir) |

**AMENDED COMPLAINT**

Plaintiff T.B. Penick & Sons, Inc. ("TBP") alleges as follows:

1. The United States Court of Federal Claims has jurisdiction in this matter pursuant to 28 U.S.C. section 1491 and 41 U.S.C. section 601, et seq., the Contract Disputes Act of 1978.

2. TBP is, and at all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the State of California, and doing business as a general contractor.

3. Defendant the United States of America is, and at all time herein mentioned was, acting by and through the United States General Service Administration which is, and at all times herein mentioned was, an agency of the United States of America.

4. On or about December 22, 2003, TBP entered into a written agreement ("Contract") with the United States through the General Services Administration ("GSA"). Pursuant to the Contract, TBP agreed to furnish the labor, materials, equipment, and incidentals necessary to construct the New Temecula Border Patrol Facility Station located in Murrieta California, pursuant Contract No. GS-09P-04-KTC-0022, Project No. RCA 96100 ("Project"). The Contract, which incorporates by reference the plans, specifications, and other contract

documents (hereinafter collectively referred to as "Contract Documents"), is voluminous and not attached hereto but it is and has been made available to the Defendant and is incorporated by reference as though fully set forth herein.

5. The Contract Documents generally required the construction of several structures, totaling approximately 26,000 gross square feet, including, but not limited to, a concrete block and steel frame station building, and a steel frame covered sallyport.

6. In consideration therefore, the GSA agreed to pay TBP the sum of $7,950,000.00. During the course of construction, TBP and the GSA agreed in writing to changes in the scope of work and the GSA issued Unilateral Change Orders which increased the Contract price by $357,537.00 to $8,307,537.00.

7. To date, TBP has been paid $7,684,994.00 for labor and materials furnished to the Project. Thus, the sum of $622,543.00 remains unpaid and owing to TBP from the GSA for work furnished pursuant to the Contract Documents and agreed upon written change orders and GSA issued Unilateral Change Orders. The GSA has failed and refused to pay said sum, and instead, has improperly and unilaterally assessed liquidated damages against TBP in the amount of $880,900.00.

8. Further, during the course of construction, the GSA, its construction manager, Analytical Planning Services, Inc. ("APSI") and the Architect of Record, Garrison Architects ("Garrison"), issued numerous directives concerning changed conditions and various other issues which constitute constructive changes to the Contract, and entitle TBP to additional compensation and time extensions.

9. The GSA's constructive changes to the Contract have caused TBP to incur additional costs for labor, materials and equipment, overhead, and other associated costs and additional time.

10. During the course of the work and thereafter, TBP submitted numerous Requests for Contracting Officer's Final Decision ("RFCOFD") letters to the GSA for additional compensation and/or time extensions, and requested Contracting Officer's Final Decisions.

Further, TBP anticipates that it may submit additional claim letters for additional compensation for disputed work and/or for unanticipated delays caused by the GSA.

11. The RFCOFD letters submitted by TBP to the GSA and the GSA responses thereto are the following:

a. On April 11, 2005, TBP issued RFCOFD 1 and requested additional compensation and time extensions relating to additional labor and materials furnished due to changes to the foundation of the north retaining wall pursuant to RFAs 32, 32(a) and 32(b) responses. On January 5, 2006, the GSA responded by issuing Unilateral Change Order PC No. 56 which compensated TBP for the additional labor and materials. However, the Contracting Officer failed to issue a final decision regarding the time extension and it is therefore deemed denied.

b. On April 18, 2005, TBP issued RFCOFD 2 and requested additional compensation and time extensions relating to Requests for Proposal ("RFP") 10 and 12 relating to the changes to the block and steel. On January 5, 2006, the GSA responded by issuing Unilateral Change Order PC No. 56 which compensated TBP for the additional labor and materials. However, the Contracting Officer failed to issue a final decision regarding the time extension and it is therefore deemed denied.

c. On April 25, 2005, TBP issued RFCOFD 3 and requested additional compensation and time extensions relating to CMU Credits 1 and 2 arising out of RFP 24 regarding the masonry block credit. The GSA responded by issuing Unilateral Change Order PC No. 56 which accounted for the CMU Credits 1 and 2. However, the Contracting Officer failed to issue a final decision regarding the time extension and it is therefore deemed denied.

d. On April 25, 2005, TBP issued RFCOFD 4 and requested additional compensation in the amount of $40,055.06 and time extensions resulting from the failure of the GSA to identify the Wall Types in the Contract Documents. On July 29, 2004, TBP submitted a Request for Information ("RFI") 123 which requested information on wall types. APSI issued its response on August 3, 2004. On October 1, 2004, TBP gave notice of additional costs and APSI

issued RFP 22. On November 1, 2004, TBP provided pricing to RFP 22. In response to the RFCOFD, on February 22, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

e. On April 25, 2006, TBP issued RFCOFD 5 and requested additional compensation in the amount of $4,160.37 and time extensions resulting from a different detail and termination point for the metal decking. On August 13, 2004, TBP issued RFI 134 which highlighted that no structural support was provided for the roof decking on gridline D between gridlines 2.3 and 7.7. APSI issued its response on August 18 and 19, 2004 which identified a different detail and termination point for the metal decking than depicted in the Contract Documents. On September 30, 2004, TBP issued RFP 23. In response to the RFCOFD, on February 22, 2006, the Contracting Officer issued her final decision and denied TBP's claim. However, on May 2, 2006, the GSA issued Unilateral Change Order PC No. 79 which compensated TBP for the additional labor and materials. The GSA did not grant TBP a time extension. Thus, the February 22, 2006 Contracting Officer final decision is still in effect as to the denial of the time extension.

f. On June 6, 2005, TBP issued RFCOFD 11 and requested additional compensation in the amount of $32,105.38 and a 30-day time extension resulting from increased material costs due to the unforeseen changes on the block dimensions and the overall length of the building. On September 2, 2004, TBP issued a notice of additional costs for the metal deck. On May 23, 2005, TBP formally issued Price Modification Request ("PMR") 101 requesting additional compensation to cover the added costs of the metal deck. On June 2, 2005, APSI rejected PMR 101. In response to the RFCOFD, on February 22, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

g. On June 6, 2005, TBP issued RFCOFD 12 and requested additional compensation in the amount of $43,041.04 and a 10-day time extension relating to the congestion caused by out of sequence work which impacted the underground work. On December 1, 2004, TBP informed the GSA of cause and impact to the underground work. On

May 9, 2005, TBP issued PMR 112, and on May 23, 2005, issued PMR 112R. On May 25, 2005, the Contracting Officer offered a nominal sum which sum was rejected by TBP. In response to the RFCOFD, on February 22, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

h. On June 27, 2005, TBP issued RFCOFD 13 and requested additional compensation in the amount of $14,474.33 relating to repairs to the cracked CMU Block resulting from design issues. In response to GSA/Garrison's response to RFI 162, on October 12, 2004, TBP informed the GSA of additional costs associated with the repairs to the cracked CMU Block. In December 2004, the repair work was performed. On May 9, 2005, TBP issued PMR 100. On May 25, 2005, the Contracting Officer offered a nominal sum which sum was rejected by TBP. In response to the RFCOFD, on July 5, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

i. On June 30, 2005, TBP issued RFCOFD 14 and requested additional compensation in the amount of $4,784.47 relating to the addition of 18 light fixtures. Thereafter, GSA/APSI issued RFP 50 for the additional light fixtures. However, during negotiations between March 2005 and June 2005, the GSA stated that TBP should be compensated for only 6 light fixtures due to a design conflict problem. In response to the RFCOFD, on July 5, 2006, the Contracting Officer issued her final decision denying a portion of TBP's claim in the amount of $3,591.47 and issued a Unilateral Change Order PC No. 69 in the amount of $1,193.00 for 6 light fixtures.

j. On February 21, 2006, TBP issued RFCOFD 15 and requested a decision from the GSA resulting from a dispute regarding rifle racks. GSA/APSI requested a credit from TBP on the rifle racks. However, TBP argued that no information existed in the plans or specifications for the rifle racks and, therefore, no credit should be given. In response to the RFCOFD, the GSA issued the Unilateral Deductive Change Order PC No. 73 in the amount of $2,630.00. On June 9, 2006, TBP acknowledged the Contracting Officer response to its RFCOFD and confirmed its request for compensation for the $2,630.00 credit.

k. On February 21, 2006, TBP issued RFCOFD 16 and requested additional compensation in the amount of $4,874.28 relating to the installation of pre-finish cement board which was not depicted in the Contract Documents. On July 29, 2004, TBP issued RFI 124 requesting guidance on whether cement board is required. On August 16, 2004, GSA/APSI responded stating that pre-finish cement siding is required. On June 9, 2005, TBP submitted a request for change order for this added work. On June 30, 2005, the request was denied. In response to the RFCOFD, on February 22, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

l. On February 21, 2006, TBP issued RFCOFD 17 and requested additional compensation in the amount of $4,672.83 relating to the added labor and materials for the fabrication and delivery of two (2) modified embeds which arose out of RFI 136. In response to the RFCOFD, on February 22, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

m. On February 21, 2006, TBP issued RFCOFD 18 and requested additional compensation in the amount of $11,618.98 relating to the relocation of the temporary power onsite due to the abandonment of existing step-down transformers which arose out of PMR 116. In response to the RFCOFD, on February 22, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

n. On February 24, 2006, the GSA issued a letter regarding NCN 98 and relating to TBP's request for additional compensation in the amount of $7,490.19 for added electric strikes to Doors 146, 188 and 190. The GSA stated that TBP's request for additional compensation was denied and that the work was part of the Contract Documents. The GSA also stated that its letter was intended to be its final decision. On March 3, 2006, TBP acknowledged receipt of the Contracting Officer's Final Decision.

o. On February 22, 2006, the GSA issued a letter regarding PMR 102 and PMR 111 relating to TBP's request for additional compensation for cost increases relating to concrete in the amount of $32,648.00 and for cost increases relating to AC Paving in the amount

of $20,431.71. The Contracting Officer stated that TBP's request for additional compensation was denied and stated that her letter was intended to be the Contracting Officer's Final Decision. On March 9, 2006, TBP acknowledged receipt of the Contracting Officer's Final Decision.

p. On March 7, 2006, the GSA issued a letter regarding repair work relating to NCN 70 and TBP's request for additional compensation in the amount of $9,046.97 due to additional cracks in the CMU Block resulting from design issues. The GSA stated that TBP was directed to proceed with the work and that TBP's request for additional compensation was denied. On March 15, 2006, TBP acknowledged receipt of the March 7, 2006 letter and stated it understood the letter to be the Contracting Officer final decision. The Contracting Officer failed to respond to the TBP's March 15, 2006 letter and did not otherwise disagree that the letter was to be deemed the Contracting Officer's Final Decision.

q. On March 7, 2006, the GSA issued a letter regarding TBP's request for additional compensation in the amount of $1,870.69 for added power to the roller shade in the conference room. The Contracting Officer stated that TBP's request for additional compensation was denied and stated that her letter was intended to be the Contracting Officer's Final Decision. On March 15, 2006, TBP acknowledged receipt of the Contracting Officer's Final Decision.

r. By issuing RFIs 310 and 320 on or about September 14, 2005, TBP sought guidance on the wall height issues at Room 5.02 and Room 5.03. The GSA responded by issuing the Unilateral Deductive Change Orders PC Nos. 65 and 68, each in the amount of $3,315.00 to credit the GSA for the estimated cost of revisions if performed by TBP on the walls in Room 5.02 and Room 5.03. On April 7, 2006, TBP acknowledged both Unilateral Deductive Change Orders and denied that any credit was due the GSA. TBP further stated that it understood the Unilateral Deductive Change Orders constituted the Contracting Officer's Final Decision, and confirmed its request for compensation for the $6,630.00 credit. The Contracting Officer failed to respond to the TBP's April 7, 2006 letter, and did not otherwise disagree that her letter was to be deemed the Contracting Officer's Final Decision.

/ / /

s. On April 27, 2006, TBP issued RFCOFD 26 and requested additional compensation in the amount of $8,004.75 for added labor and materials to install a new home run connected to nine (9) new outlets in the detention area. This additional labor and materials resulted from the response from GSA/APSI to RFI 320 which was not in the Contract Documents and was part of GSA/APSI's RFP 36. The Contracting Officer has not issued a timely final decision and therefore TBP's claim is deemed denied.

t. On June 9, 2006, TBP issued RFCOFD 28 and requested additional compensation in the amount of $107,086.22 for actual costs for additional scheduling associated with APSI's required schedules beyond those required by the Contract Documents. In response to the RFCOFD, on June 29, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

u. On June 9, 2006, TBP issued RFCOFD 29 and requested additional compensation in the amount of $301,689.44 for extended overhead costs associated with the extended project completion date due to delays caused by the GSA and/or APSI. (The $301,689.44 is an accounting error and the actual amount is $288,692.69, which amount is supported by the documentation provided to the GSA.) In addition, TBP requested a 238-day time extension (Time Impact Analysis ("TIA") No. 1) due to the approved design delays for the offsite utilities, a 61-day time extension (TIA No. 2) due to delays to offsite utilities, a 21-day time extension (TIA No. 3) due to the structural steel RFI delays and a 50-day time extension (TIA No. 4) due to delays to the security system finishes. In response to the RFCOFD, on June 29, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

v. On May 1, 2006, the GSA issued Unilateral Deductive Change Order PC No. 71 in the amount of $1,342.41 to credit the GSA relating to PC No. 60. On May 31, 2006, TBP acknowledged the Unilateral Deductive Change Order and denied that any credit was due the GSA. TBP further stated that it understood the Unilateral Deductive Change Order to be the Contracting Officer's Final Decision, and TBP seeks compensation for the $1,342.41 credit. The Contracting Officer failed to respond to the TBP's May 31, 2006 letter, and did not otherwise

disagree that the GSA Unilateral Deductive Change Order was to be deemed the Contracting Officer's Final Decision.

w. On May 1, 2006, the GSA issued Unilateral Deductive Change Order PC No. 72 in the amount of $1,996.00 to credit the GSA relating to roof edge flashing at the clerestory windows. On May 31, 2006, TBP acknowledged the Unilateral Deductive Change Order and denied that any credit was due the GSA. TBP further stated that it understood the Unilateral Deductive Change Order to be the Contracting Officer's Final Decision, and confirmed its request for compensation for the $1,996.00 credit. The Contracting Officer failed to respond to the TBP's May 31, 2006 letter, and did not otherwise disagree that the Unilateral Deductive Change Order was to be deemed the Contracting Officer's Final Decision.

x. On May 1, 2006, the GSA issued Unilateral Deductive Change Order PC No. 74 in the amount of $1,601.45 to credit the GSA relating to polygal framing. On May 31, 2006, TBP acknowledged the Unilateral Deductive Change Order and denied that any credit is due the GSA. TBP further stated that it understood the Unilateral Deductive Change Order to be the Contracting Officer's Final Decision, and confirmed its request for compensation for the $1,601.45 credit. The Contracting Officer failed to respond to the TBP's May 31, 2006 letter, and did not otherwise disagree that the GSA Unilateral Deductive Change Order was to be deemed the Contracting Officer's Final Decision.

y. On May 1, 2006, the GSA issued Unilateral Deductive Change Order PC No. 76 in the amount of $13,039.00 to credit the GSA relating to the Type E-1 wall. On June 1, 2006, TBP acknowledged the Unilateral Deductive Change Order and denied that any credit was due the GSA. TBP further stated that it understood the Unilateral Deductive Change Order to be the Contracting Officer's Final Decision, and confirmed its request for compensation for the $13,039.00 credit. The Contracting Officer failed to respond to the TBP's June 1, 2006 letter, and did not otherwise disagree that the GSA Unilateral Deductive Change Order was to deemed the Contracting Officer's Final Decision.

/ / /

z. On June 9, 2006, TBP issued RFCOFD 34 and requested the amount of $749,800.00 which constitutes the amount of liquidated damages assessed by the GSA commencing on July 9, 2005 at $2,300.00 per day. TBP had requested additional time which was never processed by GSA/APSI. In response to the RFCOFD, on June 29, 2006, the Contracting Officer issued her final decision and denied TBP's claim.

aa. On June 9, 2006, TBP issued RFCOFD 35 and requested the amount of $5,697.84 for unprocessed change orders, including:

i. PMR 214 in the amount of $1,096.00 for added sprinkler heads per the landscape architect's direction;

ii. PMR 212 in the amount of $2,543.97 for changes to Hunter Douglas Metal Plank ceiling lights (RFI 333);

iii. PMR 213 in the amount of $631.34 for upgrade push and pull bards to Rockwood from Kawneer (RFI 318); and

iv. PMR 115 in the amount of $1,426.53 for added power for louvers in Muster and Locker rooms (RFI 369).

The Contracting Officer has not issued a timely final decision and therefore TBP's claim is deemed denied.

bb. On July 10, 2006, the GSA issued Unilateral Deductive Change Order PC No. 84 in the amount of $337,866.00 to credit the GSA for the deletion of alleged remaining work. On June 1, 2006, TBP acknowledged the Unilateral Deductive Change Order and denied that any credit was due the GSA. TBP also requested the GSA to provide the supporting documentation for the deductive amount. However, to date, the GSA has failed to provide sufficient supporting documentation. Further, on July 12, 2006, TBP stated that it understood the Unilateral Deductive Change Order to be the Contracting Officer's Final Decision, and confirmed its request for compensation for the $337,866.00 credit. The Contracting Officer has failed to respond to the TBP's July 12, 2006 letter, and did not otherwise disagree that the Unilateral Deductive Change Order was to be deemed the Contracting Officer's Final Decision.

In response to the GSA letter dated October 23, 2006 and to clarify the GSA's position, on November 30, 2006, TBP issued a RFCOFD as to Unilateral Deductive Change Order PC No. 84. The Contracting Officer has not issued her final decision to this RFCOFD. However, it is anticipated that the Contracting Officer will either formally deny the request or fail to timely respond and deeming the request denied.

cc. On or about August 25, 2006, the GSA issued Unilateral Deductive Change Order PC No. 87 in the amount of $29,936.00 to credit the GSA relating to the alleged deficient concrete slab. On September 14, 2006, TBP acknowledged the Unilateral Deductive Change Order and denied that any credit was due the GSA. TBP further stated that it understood Unilateral Deductive Change Order to be the Contracting Officer's Final Decision, and confirmed its request for compensation for the $29,936.00 credit. The Contracting Officer failed to respond to the TBP's September 14, 2006 letter, and did not otherwise disagree that the Unilateral Deductive Change Order was to be deemed the Contracting Officer's Final Decision. In response to the GSA letter dated October 23, 2006 and to clarify the GSA's position, on November 30, 2006, TBP issued a RFCOFD as to Unilateral Deductive Change Order PC No. 87. The Contracting Officer has not issued her final decision to this RFCOFD. However, it is anticipated that the Contracting Officer will either formally deny the request or fail to timely respond and deeming the request denied.

dd. On or about August 25, 2006, the GSA issued Unilateral Deductive Change Order PC No. 88 in the amount of $500.00 to credit the GSA relating to alleged failure to replace the lock in the armory room. On September 14, 2006, TBP acknowledged the Unilateral Deductive Change Order and denied that any credit was due the GSA. TBP further stated that it understood the Unilateral Deductive Change Order to be the Contracting Officer's Final Decision, and confirmed its request for compensation for the $500.00 credit. The Contracting Officer failed to respond to the TBP's September 14, 2006 letter, and did not otherwise disagree that the GSA Unilateral Deductive Change Order is deemed the Contracting Officer's Final Decision. In response to the GSA letter dated October 23, 2006 and to clarify the

GSA's position, on November 30, 2006, TBP issued a RFCOFD as to Unilateral Deductive Change Order PC No. 88. The Contracting Officer has not issued her final decision to this RFCOFD. However, it is anticipated that the Contracting Officer will either formally deny the request or fail to timely respond and deeming the request denied.

ee. On November 8, 2006, TBP issued RFCOFD 39 and requested additional compensation in the amount of $16,444.80 for added labor and materials to install an additional skylight support and framing. This additional work was not required by the plans and specifications, but resulted from GSA/APSI's response to RFI 188. The Contracting Officer has not issued her final decision to this RFCOFD. However, it is anticipated that the Contracting Officer will either formally deny the request or fail to timely respond and deeming the request denied.

ff. On November 13, 2006, TBP issued RFCOFD 40 and requested a 74-day time extension for unilateral change orders issued while the GSA was assessing liquidated damages. This 74-day time extension is concurrent with the rejected TIA 1 through 4 that was never processed by APSI or the GSA. The Contracting Officer has not issued her final decision to this RFCOFD. However, it is anticipated that the Contracting Officer will either formally deny the request or fail to timely respond, deeming the request denied.

gg. On November 13, 2006, TBP issued RFCOFD 41 to supplement its RFCOFD No. 29 and requested additional compensation in the amount of $190,637.23 for extended overhead costs associated with the extended project completion date due to delays caused by the GSA and/or APSI. These extended overhead costs are for the time period of December 1, 2005 to March 31, 2006. The Contracting Officer has not issued her final decision to this RFCOFD. However, it is anticipated that the Contracting Officer will either formally deny the request or fail to timely respond, deeming the request denied.

hh. On November 13, 2006, TBP issued RFCOFD 42 to supplement its RFCOFD No. 34 and requested the amount of $131,100.00 which constitutes additional liquidated damages being assessed against TBP by the GSA. TBP had requested additional time

which was never processed by APSI. The Contracting Officer has not issued her final decision to this RFCOFD. However, it is anticipated that the Contracting Officer will either formally deny the request or fail to timely respond, deeming the request denied.

ii. On November 13, 2006, TBP issued RFCOFD 43 and requested additional compensation in the amount of $75,880.69 for added inspection costs due to CMU delays. Numerous RFIs were issued during the installation of the masonry at the Project due to poorly designed plans. As a result of the redesign, additional inspection time was incurred. The Contracting Officer has not issued her final decision to this RFCOFD. However, it is anticipated that the Contracting Officer will either formally deny the request or fail to timely respond, deeming the request denied.

12. The total of the above referenced claims for additional labor, materials, and equipment, overhead, the return of the liquidated damages and the Unilateral Change Orders is in an amount in excess of $2,194,000.00. Of the $2,194,000.00, the approximate amount of $1,267,000.00 is for the liquidated damages being withheld from TBP. Further, TBP seeks time extensions of at least 370 days; which is dependent upon the date of substantial completion.

13. Said claims have all been or will be denied by Contracting Officer's Final Decisions, or the Contracting Officer has failed to timely respond to all or some of said claims.

14. TBP has performed all obligations required of it under the Contract Documents to be performed unless otherwise excused by the failure to perform by the GSA.

15. As a direct and proximate result of the GSA's refusal to pay the outstanding contract balance due and to make the appropriate equitable adjustments for changed conditions, extra work outside the scope of the Contract Documents, the Unilateral Change Orders, and the liquidated damages, TBP has been damaged in a sum in excess of $2,194,000.00 according to proof, together with interest thereon as provided in the Contract Disputes Act.

16. The GSA's failure and refusal to fully compensate TBP for the above-discussed changes to the Contract pursuant to TBP's performance of the changed and/or additional work at the direction of the GSA is without substantial justification. Accordingly, pursuant to the Equal

Access to Justice Act, 28 U.S.C. Section 2412 et seq., TBP is entitled to attorneys' fees and other expenses incurred in relation to and in furtherance of the presentation and prosecution of the claims in this litigation.

WHEREFORE, TBP prays for judgment as follows:

1. For damages in a principal sum in excess of $2,194,000.00 accordingly to proof together with interest thereon pursuant to the Contract Disputes Act;

2. For reasonable attorneys' fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DATED: November 30, 2006

By: /s/ Katherine M. Knudsen

Craig A. Ramseyer, Esq.
Katherine M. Knudsen, Esq.
530 B Street, Suite 2100
San Diego California 92101
Telephone (619) 238-1900
Facsimile (619) 235-0398

Attorneys for Plaintiff
T.B. Penick & Sons, Inc.

**CERTIFICATE OF FILING**

I hereby certify that on November 30, 2006, a copy of the foregoing "**AMENDED COMPLAINT**" was filed electronically. I understand that notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/____________________
Carla Gerschler