**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **T.B. PENICK & SONS, INC.,** | ) | |
| | ) | **Electronic Filing** |
| **Plaintiff,** | ) | |
| | ) | **No. 06-463C** |
| **v.** | ) | |
| | ) | **(Judge Baskir)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), on behalf of both parties, and with the concurrence of counsel for plaintiff, T.B. Penick & Sons, Inc. ("TBP"), the United States respectfully submits the following preliminary status report in response to the questions set forth in paragraph 4 of Appendix A.

a. **Does the Court have jurisdiction over this action?**

Plaintiff asserts that the Court possesses jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. Defendant has no basis to contest jurisdiction at this time. Defendant further states that, at the time of filing, certain of TBP's discrete claims contained in its amended complaint are not presently ripe because the contracting officer has not yet issued final decisions on those claims. Additionally, the amended

complaint makes reference to the assessment of liquidated damages against TBP; however, the contracting officer has not yet issued a final decision assessing such liquidated damages. Authority has been granted to the contracting officer to issue final decisions on these claims, and the defendant expects that those final decisions will be issued in the near future. The parties have agreed that, after the final decisions are issued and any jurisdictional problems are cured, the defendant will move, unopposed, to amend its answer to include a counterclaim for liquidated damages.

b. **Should this case be consolidated with any other case?**

The parties agree that this case should not be consolidated with any other case.

c. **Should trial of liability and damages be bifurcated?**

The parties agree that the trial of liability and damages should not be bifurcated.

d. **Should further proceedings be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore?**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any

other tribunal.

e. **Will a remand or suspension be sought?**

Neither of the parties will seek remand or suspension.

f. **Will additional parties be joined?**

The parties agree that they will not join any additional parties.

g. **Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56? And, if so, a schedule for the intended filing?**

After discovery has been completed, the United States anticipates submitting a motion for summary judgment pursuant to RCFC 56.

h. **What are the relevant issues?**

1. Whether TBP is entitled to compensation for work performed pursuant to the contract documents, which include any agreed-upon written change orders and unilateral change orders.

2. Whether the defendant's assessment of liquidated damages against TBP was proper.

3. Whether there were directives issued during construction, due to either changed conditions or other issues, that constitute constructive changes to the contract.

4. Whether TBP is entitled to additional costs for labor, materials

and equipment, overhead, and other associated costs and additional time due to constructive changes to the contract.

5. Whether TBP is entitled to home office and field overhead and time extensions due to the constructive changes to the contract.

6. Whether TBP has performed all of its obligations under the contract, unless such obligations are otherwise excused by the defendant's failure to perform.

7. Whether the defendant's withholding of portions of the contract price and/or liquidated damages was substantially justified.

8. Whether TBP is entitled to attorney fees, costs, and other expenses pursuant to 28 U.S.C. § 2412, et. seq.

i. **What is the likelihood of settlement?**

The United States is willing to engage in settlement discussions and will make every effort to resolve this case amicably. To facilitate settlement discussions, the parties are agreeable to considering an ADR method; however, the defendant is required to seek specific authorization to participate in any ADR proceeding, and such authorization is not ordinarily sought or granted until a time immediately prior to the contemplated ADR. In this case, the parties anticipate that some discovery will be necessary

before they can realistically engage in settlement discussions or an ADR proceeding, and therefore (a) any ADR methodology should be determined at or near the conclusion of the discovery period, and (b) the defendant's ability to participate in any ADR proceeding is subject to its receipt of official authorization to do so at that time.

j. **Do the parties anticipate proceeding to trial?**

If dispositive motions are not filed, and the matter cannot be resolved through settlement, trial will be necessary. If dispositive motions are filed, and a trial is necessary to fully decide this case, the United States proposes that the trial be held four to six months after the Court shall have ruled on such motions. The parties expect that a trial would last approximately two weeks. The parties do not request expedited trial scheduling. The parties request that the trial be conducted in San Diego, California.

k. **Are there special issues regarding electronic case management needs?**

The parties have no special issues regarding electronic case management needs.

l. **Is there other information of which the Court should be aware at this time?**

As indicated in response to part (a) above, the defendant will seek leave to file an amended answer so that it may clear up technicalities with respect to the liquidated damages issue and assert a counterclaim for liquidated damages. Aside from that, there is no additional information of which the Court should be aware at this time.

m. **What is the proposed discovery plan?**

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures | April 27, 2007 |
| Close of Fact Discovery | December 31, 2007 |
| Initial Expert Report Disclosures | February 15, 2008 |
| Rebuttal Expert Report Disclosures | March 28, 2008 |
| Deadline for Expert Depositions | April 30, 2008 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s Katherine M. Knudsen
CRAIG A. RAMSEYER, ESQ.
KATHERINE M. KNUDSEN, ESQ.
530 B Street, Suite 2100
San Diego, California 92101
Tel. (619) 238-1900
Fax. (619) 235-0398

Attorneys for Plaintiff

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax (202) 514-8624

Attorneys for Defendant

March 14, 2007

**CERTIFICATE OF FILING**

I hereby certify that on March 14, 2007, a copy of the foregoing "**JOINT PRELIMINARY STATUS REPORT**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak
DEVIN A. WOLAK