**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| T.B. PENICK & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Electronic Filing |
| | ) | |
| v. | ) | No. 06-463C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO**
**<u>FILE AN AMENDED ANSWER AND COUNTERCLAIM</u>**

Pursuant to Rule 15 (a) of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully requests leave to file an amended answer to include a counterclaim. Counsel for plaintiff has indicated that plaintiff will not oppose this motion. Defendant's proposed Amended Answer And Counterclaim is attached at Exhibit A.

The parties in this case had expected that the contracting officer would assess liquidated damages against the plaintiff for the delayed completion of the construction project that is the subject of the contract under litigation. The contracting officer, however, was not able to issue a final decision assessing liquidated damages before the plaintiff filed its complaint in this Court. The parties agreed that, to avoid jurisdictional problems, the contracting officer should issue a final decision assessing liquidated damages so that the merits of this issue can be litigated in this case along with the numerous other disputes between the parties. Because the case was in litigation, the authorized representative of the Attorney General authorized the contracting officer to issue the decision. <u>See</u> 28 U.S.C. §§ 515-516. In the March 12, 2007 final statement of account for the contract, the contracting officer issued her final decision assessing liquidated damages against the plaintiff in the amount of $880,900.

RCFC 15(a) allows for amendment of a pleading "by leave of court or by written consent

of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Consistent with the plain language of RCFC 15(a), this Court and its predecessor, the Court of Claims, have recognized that leave to amend a defendant's answer should be freely granted. Cities Service Helex, Inc. v. United States, 211 Ct. Cl. 222, 234 n.14, 543 F.2d 1306, 1313 n. 14 (1976)(waiver defense considered on the merits where Government did not plead it in its answer, but both parties exhaustively treated the issue in motions); St. Paul Fire and Marine Insurance Co. v. United States, 31 Fed. Cl. 151, 153-54 (1994); Johnson v. United States, 15 Cl. Ct. 169, 172 (1988); Effingham County Board of Education v. United States, 9 Cl. Ct. 177, 180 (1985).

A party should be allowed to litigate all substantive issues, absent a showing of undue delay, bad faith, or a dilatory motive. Hess v. United States, 210 Ct. Cl. 483, 491-92, 537 F.2d 457 (1976) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)); St. Paul Fire & Marine Insurance Co. v. United States, 31 Fed. Cl. at 153-54 (1994). None of those situations is present here.

Quoting the Supreme Court's interpretation of Rule 15(a) of the Federal Rules of Civil Procedure in Foman v. Davis, 371 U.S. 178, 182 (1962), this Court in Effingham County Board of Education, stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances to be relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is

> merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Effingham County, 9 Cl. Ct. at 180.

The Court considered Supreme Court's list of reasons for denying a Rule 15(a) motion, set forth in Foman, to be instructive – but not exclusive. Accordingly, a denial properly could be based upon a reason other than one articulated in Foman, but the reason would have to be compelling, or it would not meet the strict Foman standard. See also Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312, 313 (1992) (courts "have recognized the appropriateness of amending an answer to raise additional defenses").

Plaintiff will not be prejudiced by the amendment of our answer at this time since the subject matter of the counterclaim was known by plaintiff during, and immediately subsequent to, performance of the contract. Moreover, plaintiff has indicated that it will not oppose amendment to include this counterclaim. Litigating this issue, together with the other contract disputes at issue in this litigation, will allow a more efficient resolution of these matters than requiring separate litigation on the Government's claim.

Accordingly, defendant respectfully requests that the Court grant the defendant leave to file the amended answer and counterclaim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0170
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
NIRLIP K. SYAN
Assistant Regional Counsel
U.S. General Services Administration

June 14, 2007

**CERTIFICATE OF FILING**

I hereby certify that on June 14, 2007, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Devin A. Wolak
DEVIN A. WOLAK

# Exhibit A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| T.B. PENICK & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Electronic Filing |
| | ) | |
| v. | ) | No. 06-463C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED ANSWER AND COUNTERCLAIM**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Admits the allegations contained in paragraph 4 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent they are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits that the plaintiff has been paid $7,684,994.00 for its performance under

contract no. GS-09P-04-KTC-0022 (the "Contract") and any applicable contract modifications; otherwise denies the allegations contained the first sentence of paragraph 7. Denies the allegations contained in the second and third sentences of paragraph 7.

8. Denies.

9. Denies the allegation in paragraph 9 that there were "constructive changes" to the Contract. Denies, for a lack of knowledge or information sufficient to form a belief as to their truth, the allegation that TBP "incur[red] additional costs for labor, materials and equipment, overhead, and other associated costs and additional time." Denies any remaining allegations in paragraph 9.

10. Admits that the plaintiff submitted an unspecified number of Requests for Contracting Officer's Final Decision to the defendant; otherwise denies the allegations contained in paragraph 10 for a lack of information sufficient to form a belief as to their truth.

11. The first sentence of paragraph 11 merely introduces the sub-parts of the paragraph, is not an allegation of fact, and therefore no answer is required. To the extent it is deemed an allegation of fact, it is denied.

11(a). The allegations contained in the first and second sentences of paragraph 11(a) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Admits the allegation in the third sentence of paragraph 11(a) that no final decision was issued in response to RFCOFD 1. The remaining allegations contained in the third sentence of paragraph 11(a) constitute conclusions of law which do not require an answer; to the extent they may be deemed allegations of fact, they

are denied.

11(b). The allegations contained in the first and second sentences of paragraph 11(b) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Admits the allegation in the third sentence of paragraph 11(b) that no final decision was issued in response to RFCOFD 2. The remaining allegations contained in the third sentence of paragraph 11(b) constitute conclusions of law which do not require an answer; to the extent they may be deemed allegations of fact, they are denied.

11(c). The allegations contained in the first and second sentences of paragraph 11(c) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Admits the allegation in the third sentence of paragraph 11(c) that no final decision was issued in response to RFCOFD 3. The remaining allegations contained in the third sentence of paragraph 11(c) constitute conclusions of law which do not require an answer; to the extent they may be deemed allegations of fact, they are denied.

11(d). The allegations contained in paragraph 11(d) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(e). The allegations contained in the first, second, third, fourth, sixth and seventh

sentences of paragraph 11(e) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the fifth and eighth sentences of paragraph 11(e).

11(f). The allegations contained in paragraph 11(f) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(g). The allegations contained in paragraph 11(g) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(h). The allegations contained in the first and second sentences of paragraph 11(h) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the third, fifth and sixth sentences of paragraph 11(h). Denies the allegations contained in the fourth sentence of paragraph 11(h) for lack of knowledge or information sufficient to form a belief as to their truth.

11(i). The allegations contained in the first, second and fourth sentences of paragraph 11(i) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best

evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the third sentence of paragraph 11(i).

11(j). Admits the allegations contained in the first and fourth sentences of paragraph 11(j) to the extent they are supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and fourth sentences of paragraph 11(j). Admits the allegations contained in the second and third sentences of paragraph 11(j). Denies the allegations in the fifth sentence of paragraph 11(j).

11(k). The allegations contained in paragraph 11(k) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(l). The allegations contained in paragraph 11(l) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(m). The allegations contained in paragraph 11(m) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(n). The allegations contained in paragraph 11(n) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents;

otherwise denies such allegations.

11(o). The allegations contained in paragraph 11(o) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(p). The allegations contained in the first, second and third sentences of paragraph 11(p) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the fourth sentence of paragraph 11(p) constitute conclusions of law and are the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, avers that the plaintiff did not submit a Request for Contracting Officer's Final Decision with respect to the claim alleged in paragraph 11(p) and admits that the contracting officer did not issue a final decision; denies any other allegations contained in the fourth sentence of paragraph 11(p).

11(q). The allegations contained in paragraph 11(q) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(r). Denies the allegations contained in the first sentence of paragraph 11(r) for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second and third sentences of paragraph 11(r) are descriptions and/or

characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the fourth sentence of paragraph 11(r) constitute conclusions of law and are the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, avers that the plaintiff did not submit a Request for Contracting Officer's Final Decision with respect to the claim alleged in paragraph 11(r) and admits that the contracting officer did not issue a final decision; denies any other allegations contained in the fourth sentence of paragraph 11(r).

11(s). The allegations contained in the first and second sentences of paragraph 11(s) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the third sentence of paragraph 11(s) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, admits that the contracting officer did not issue a final decision, and denies any other allegations contained in the third sentence of paragraph 11(s).

11(t). The allegations contained in paragraph 11(t) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations.

11(u). The allegations contained in the first, third and fourth sentences paragraph 11(u) are descriptions and/or characterizations of certain documents, and the defendant admits such

allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the second sentence of paragraph 11(u) for lack of knowledge or information sufficient to form a belief as to their truth.

11(v). The allegations contained in the first, second and third sentences of paragraph 11(v) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the fourth sentence of paragraph 11(v) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, avers that the plaintiff never requested a final decision from the contracting officer and admits that the contracting officer did not issue a final decision, and denies any other allegations contained in the fourth sentence of paragraph 11(v).

11(w). The allegations contained in the first, second and third sentences of paragraph 11(w) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the fourth sentence of paragraph 11(w) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, avers that the plaintiff never requested a final decision from the contracting officer and admits that the contracting officer did not issue a final decision, and denies any other allegations contained in the fourth sentence of paragraph 11(w).

11(x). The allegations contained in the first, second and third sentences of paragraph 11(x) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the fourth sentence of paragraph 11(x) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, avers that the plaintiff never requested a final decision from the contracting officer and admits that the contracting officer did not issue a final decision, and denies any other allegations contained in the fourth sentence of paragraph 11(x).

11(y). The allegations contained in the first, second and third sentences of paragraph 11(y) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the fourth sentence of paragraph 11(y) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, avers that the plaintiff never requested a final decision from the contracting officer and admits that the contracting officer did not issue a final decision, and denies any other allegations contained in the fourth sentence of paragraph 11(y).

11(z). The allegations contained in paragraph 11(z) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The defendant also denies the specific allegation in the

second sentence of paragraph 11(z) that it "never processed" the plaintiff's requests for additional time.

11(aa). The allegations contained in the first sentence of paragraph 11(aa) and sub-paragraphs 11(aa)(i)-(iv) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the final sentence of paragraph 11(aa) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11(bb). The allegations contained in the first, second, third, fifth and seventh sentences of paragraph 11(bb) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the fourth sentence of paragraph 11(bb). The allegations contained in the sixth sentence of paragraph 11(bb) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the eighth sentence of paragraph 11(bb). Denies the allegations contained in the ninth sentence of paragraph 11(bb) for lack of knowledge or information sufficient to form a belief as to their truth.

11(cc). The allegations contained in the first, second, third and fifth sentences of paragraph 11(cc) are descriptions and/or characterizations of certain documents, and the

defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the fourth sentence of paragraph 11(cc) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the sixth sentence of paragraph 11(cc). Denies the allegations contained in the seventh sentence of paragraph 11(cc) for lack of knowledge or information sufficient to form a belief as to their truth.

11(dd). The allegations contained in the first, second, third and fifth sentences of paragraph 11(dd) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. The allegations contained in the fourth sentence of paragraph 11(dd) constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the sixth sentence of paragraph 11(dd). Denies the allegations contained in the seventh sentence of paragraph 11(dd) for lack of knowledge or information sufficient to form a belief as to their truth.

11(ee). The allegations contained in the first and second sentences of paragraph 11(ee) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the third sentence of paragraph 11(ee). Denies the allegations contained in the fourth sentence

of paragraph 11(ee) for lack of knowledge or information sufficient to form a belief as to their truth.

11(ff). The allegations contained in the first sentence of paragraph 11(ff) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the second sentence of paragraph 11(ff). Admits the allegations contained in the third sentence of paragraph 11(ff). Denies the allegations contained in the fourth sentence of paragraph 11(ff) for lack of knowledge or information sufficient to form a belief as to their truth.

11(gg). The allegations contained in the first and second sentences of paragraph 11(gg) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Admits the allegations contained in the third sentence of paragraph 11(gg). Denies the allegations contained in the fourth sentence of paragraph 11(gg) for lack of knowledge or information sufficient to form a belief as to their truth.

11(hh). The allegations contained in the first sentence of paragraph 11(hh) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the second and fourth sentences of paragraph 11(hh) for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence

of paragraph 11(hh).

11(ii). The allegations contained in the first sentence of paragraph 11(ii) are descriptions and/or characterizations of certain documents, and the defendant admits such allegations to the extent they are supported by the documents described, which are the best evidence of their contents; otherwise denies such allegations. Denies the allegations contained in the second, third and fifth sentences of paragraph 11(ii) for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fourth sentence of paragraph 11(ii).

12. Denies.

13. Denies.

14. Denies.

15. The allegations contained in paragraph 15 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law and the plaintiff's characterization of its claim, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 16, or to any relief whatsoever.

18. Denies each and every allegation not previously admitted or otherwise qualified.

<u>FIRST COUNTERCLAIM</u>

19. On or about December 22, 2003, the United States entered into contract no. GS-

09P-04-KTC-0022 (the "Contract") with the plaintiff. The Contract generally required the plaintiff to construct several structures at the New Temecula Border Patrol Facility Station located in Murrieta, California (the "Station").

20. Under the terms and conditions of the Contract, including all applicable modifications, construction of the Station was to be completed by July 8, 2005.

22. The plaintiff did not complete the construction of the Station by July 8, 2005.

21. The Contract contained a "Liquidated Damages" provision based upon FAR 52.211-12, which states in pertinent part:

> (a) If the Contractor fails to complete the work within the time specified in the contract, the Contractor shall pay liquidated damages to the Government in the amount of **$2,300.00** for each calendar day of delay until the work is completed or accepted.

22. By letter dated July 28, 2005, the contracting officer notified the plaintiff of the Government's intent to begin assessing liquidated damages as of the scheduled project completion date of July 8, 2005.

23. On July 26, 2006, the construction of the Station was substantially completed and the Government ceased its daily assessment of liquidated damages.

24. The contracting officer issued a final decision on March 12, 2007, assessing liquidated damages in the amount of $880,900 against the plaintiff.

25. The plaintiff is liable to the United States in the amount of $880,900.

26. The plaintiff is liable to the United States in an amount to be proved at trial.

27. The plaintiff is liable for interest on the amount due to the United States as provided by law.

WHEREFORE, defendant requests that the Court enter judgment in its favor in an amount to be determined at trial, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0170
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
NIRLIP K. SYAN
Assistant Regional Counsel
U.S. General Services Administration

June 14, 2007