# In the United States Court of Federal Claims

Case No. 06-463C
(Filed: January 28, 2008)

*********************************************
T.B. PENICK & SONS, INC., *
*Plaintiff,* *
*
v. *
*
THE UNITED STATES OF AMERICA, *
*Defendant.* *
*********************************************

**ORDER**

The Defendant filed an Unopposed Motion for Entry of Order Regarding Inadvertently Produced Privileged Documents and Materials on December 21, 2007. The purpose of the proposed order is to expedite the parties' discovery efforts by providing a mechanism by which inadvertently disclosed privileged documents can be recovered. In addition, the proposed order provides that the "mere production of all or part of a document shall not constitute a waiver of any privilege or other protections as to any portion of that document," provided the producing entity provides notice seeking return of the document, or redaction of the privileged information contained therein.

The Court recognizes that privileged documents and materials may be inadvertently produced during the course of discovery. Such inadvertent disclosure is an unfortunate consequence of a discovery process which requires the review and production of a very large amount of materials. The Court also acknowledges that the inadvertent production of privileged materials may not result in waiver of the privilege. *See, e.g.*, *Alaska Pulp Corp., Inc. v. United States*, 44 Fed. Cl. 734 (1999); *Nat'l Helium Corp. v. United States*, 219 Ct. Cl. 612 (1979).

However, the Court must conduct a fact-based inquiry to determine whether the privilege has been waived. Where the facts show that the producing entity made "a good faith, sufficiently careful effort to winnow a relatively small number of privileged materials from a very large volume of documents to be produced under the general order to produce," the Court may conclude that there

has been no waiver. *Nat'l Helium Corp.*, 219 Ct. Cl. at 615. On the contrary, where the facts indicate that the procedure followed by the producing entity was so "lax, careless, or inadequate that [the entity] must objectively be considered as indifferent to disclosure[,]" the privilege may be deemed waived. *Id.* at 614.

The Court's rules regarding discovery are clear. Should an inadvertent production situation arise in this case, the Court will be bound by those rules and required to engage in a fact-specific inquiry to determine whether there has been a waiver of the privilege. **The Court therefore DENIES the Defendant's Unopposed Motion for Entry of Order Regarding Inadvertently Produced Privileged Documents and Materials.** The parties may wish to adopt the procedures outlined in the proposed order as part of their discovery agreement governing this case. The Court notes that the adoption of such procedures would be considered should inadvertent production litigation become necessary at any stage of these proceedings.

**IT IS SO ORDERED.**

s/ Lawrence M. Baskir
LAWRENCE M. BASKIR
Judge