# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| T.B. PENICK & SONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Electronic Filing |
| | ) | |
| v. | ) | No. 06-463C |
| | ) | (Judge Baskir) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

Pursuant to Rule 16(b) of the Rules of the United States Court of Federal Claims ("RCFC"), the defendant, the United States, respectfully requests that the Court amend the current scheduling order to enlarge the close of fact discovery by approximately three months, and to enlarge the other dates to allow for a reasonable expert discovery period. Fact discovery is currently scheduled to close on September 5, 2008; and expert discovery is scheduled to close on November 14, 2008. The Court has previously granted two joint request of the parties to extend the schedule for a total of 127 days. Counsel for the plaintiff has indicated that the plaintiff opposes this motion.

This request is necessary because the mediation conducted on August 11-12, 2008, did not resolve the case, and the schedules of defendant's counsel and certain of plaintiff's witnesses, whom plaintiff had

agreed to make available for deposition after the mediation and before the close of discovery, have not allowed those depositions to be scheduled. Additionally, certain information revealed during the mediation suggests that some further fact discovery is necessary regarding the plaintiff's claims, particularly its delay claims.

In the parties' second joint motion to amend the schedule, we represented that the parties desired to reserve a short period for any fact discovery that might be left in the wake of a mediation that did not resolve all of the plaintiff's claims. The mediation did not resolve this case and, by a pre-mediation arrangement of the parties -- where the Government agreed to defer its depositions until after the mediation so that the plaintiff could complete all of its depositions before the mediation -- the Government still requires the depositions of Mr. Kevin Moen, Mr. Donald Miller, Mr. John Tiersma, and Mr. Marc Penick. The post-mediation schedules of both the plaintiff's witnesses and defendant's counsel, however, have conflicted so as to prevent us from completing these depositions prior to the currently scheduled close of fact discovery.

The defendant requires these depositions, and is reasonably ready to travel to California to complete them. As we indicated in the parties' last

motion to amend the schedule, counsel for the defendant will be unavailable between September 18, 2008, and October 3, 2008, for his wedding and honeymoon. Therefore he is able to travel to California between now and September 18, 2008, and from October 6-10, 2008. Between now and September 18, 2008, counsel for the defendant must: (a) complete document discovery in Alvarez Engineering, Inc. v. United States, Fed. Cl. No. 07-565C; (b) finalize and file a response to the plaintiff's EAJA application in Rivera-Agredano v. United States, Fed. Cl. No. 05-608C; (c) finalize and file responsive pleadings in Annuity Transfers Ltd., et al. v. United States, Fed. Cl. No. 08-386, and Settlement Funding LLC, et al. v. United States, Fed. Cl. No. 08-398C; (d) prepare and file a response to the amicus brief filed in Prochazka v. United States, Fed. Cl. No. 06-827C; (e) finalize and file a motion for summary judgment in Tidewater Contractors, Inc. v. United States, Fed. Cl. No. 08-128C; and (f) get to Davenport, Iowa to be married. After October 3, 2008, counsel for the defendant is generally available to travel until October 10, 2008. Counsel for the defendant is assigned to bid-protest duty from October 13-24, 2008, and therefore is unavailable to travel during that period. Finally, counsel for the defendant has trial scheduled in Tampa, Florida, for January 12-23, 2009,

in Bannum, Inc. v. United States, Fed. Cl. No. 01-639C.

Additionally, during the mediation, it became apparent that plaintiff's monthly schedule updates (which were revised several times each month) were labeled in a manner sufficiently confusing so as to prevent plaintiff's own scheduler from being able to identify the schedules that were used to construct the project (he stated that he could not identify the schedules with any degree of certainty without going back to his office in Philadelphia and reviewing his file). It was also suggested that these confusing labels may have caused the defendant's scheduling expert to perform some or all of his scheduling analysis from incorrect schedules. We would like to perform written discovery to clear up this confusion so that our scheduling expert can correct his report, if necessary. Our scheduling expert has also informed us that, based upon information he learned at the mediation, he would like to subpoena certain information from some of the plaintiff's subcontractors.

For these reasons, the defendant respectfully requests that the Court amend the schedule as follows:

- December 5, 2008: Close of Fact Discovery
- January 9, 2008: Initial Expert Report Disclosures
- February 20, 2009: Rebuttal Expert Report Disclosures
- April 3, 2008: Deadline for Expert Depositions

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax (202) 305-7644

August 29, 2008

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on August 29, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Devin A. Wolak