# In the United States Court of Federal Claims

| | |
|---|---|
| T. B. Penick & Sons, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>The United States,<br><br>Defendant. | No.: 06-463C<br>(Judge Baskir)<br><br>Electronic Filing |

## **OPPOSITION TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER**

Plaintiff T.B. Penick & Sons, Inc. ("Plaintiff") hereby respectfully submits its opposition to Defendant's motion to amend scheduling order.

**A. Defendant Had Ample Opportunity to Complete Fact Discovery.**

One of Defendant's grounds for seeking to amend the scheduling order is that Plaintiff would not make its witnesses available for deposition after the mediation and before the close of fact discovery. However, Defendant's proposition completely misconstrues the facts.

The mediation occurred on August 11 and 12, 2008. Counsel for Defendant did not request the depositions of Plaintiff's four witnesses until the afternoon of August 27, 2008 - - two weeks *after* the mediation and one week before the close of fact discovery. Defendant's counsel requested that the depositions of all four deponents be held during the week of September 1, 2008 - - less than a week from his request and right after the Labor Day weekend. Plaintiff attempted to contact the witnesses and inquire as to whether one or all of them were available on such short notice, but was only successful in having one of the witnesses available

during the requested week. When counsel for Defendant was advised of the availability of one of the witness, counsel for Defendant said he was not available on said date.

Based on the foregoing, Plaintiff was extremely reasonable and attempted to accommodate Defendant's counsel to the extent possible. Plaintiff should not now be penalized for Defendant's failure to timely request the depositions. Defendant has had sufficient time to depose the witnesses. Though Defendant has never served a notice of deposition or deposition subpoena for any of the witnesses, Plaintiff has attempted to work with Defendant in making the witnesses available for deposition.

Prior to the mediation, on or about April 4, 2008, Defendant requested the depositions of Plaintiff's four witnesses for May 2008. Plaintiff accommodated Defendant and scheduled the depositions for May 12 through 15, 2008. Ultimately, these depositions were taken off calendar by Defendant.

On May 8, 2008, Defendant requested that only two of the witnesses be made available for deposition for the week of May 26, 2008. Again, Plaintiff accommodated Defendant and scheduled the two depositions for the last week of May 2008. Because a non-party deponent, represented by another attorney, could not be deposed the last week of May, Defendant cancelled the depositions of Plaintiff's witnesses. Defendant wanted to take the two Plaintiff depositions during the same week as the non-party deponent.

The non-party deponent's deposition was ultimately scheduled for June 17, 2008, along with the deposition of another non-party deponent. Thus, Defendant requested the depositions of the two Plaintiff witnesses for the same week. The depositions of the two Plaintiff witnesses were scheduled for June 16 and 18, 2008. The deposition of one of Plaintiff's witnesses (an ex-employee) needed to be rescheduled due to his mother's illness and imminent death. However, the other

Plaintiff deposition remained on calendar. Though the depositions of both non-party deponents took place that week, on June 13, 2008, counsel for Defendant took off calendar the deposition of the Plaintiff witness and, on June 16, 2008, informed Plaintiff that he was "inclined at this point to postpone the Government's depositions until after the mediation, assuming the case is not resolved at the mediation." (A direct quoted from an email dated June 16, 2008 from Defendant's counsel.) Defendant did not make another request to reschedule the depositions prior to the mediation.

The depositions of Plaintiff's witnesses have been scheduled three times and taken off calendar three times by Defendant. To now claim insufficient time to depose the witnesses is misleading. Additional time for fact discovery should not be permitted as all parties have had sufficient time to depose the necessary witnesses. Plaintiff served notices of deposition and deposition subpoenas in January/February 2008 for depositions to take place in April and May, and served another wave of notices of deposition and deposition subpoenas at the end of February for depositions to take place in June 2008. Plaintiff has completed all fact discovery depositions.

Counsel for Defendant may claim a congested schedule precluded him from proceeding with the depositions. However, Plaintiff's counsel also has a full calendar - - that is the nature of litigation. The excuse of a busy schedule should not be a factor in requesting to amend the scheduling order when sufficient time has been allotted and the court has granted two previous extensions to the scheduling order.

**B. All Prior Motions to Amend The Scheduling Order Were Filed At the Request of Defendant.**

In its motion, Defendant states that the two previous motions to amend the scheduling order were joint motions. Plaintiff does not dispute that the motions

were joint motions. However, each motion was brought at the request of Defendant, and Plaintiff agreed to have the motions joint because the parties had, and have, a good working relationship and the case appeared to be moving forward. However, but for Defendant requesting to amend the scheduling order, Plaintiff would not have made such a request.

The first motion, filed on December 21, 2007, was brought at the request of Defendant because Defendant could not, and did not, timely produce its documents for inspection and copying, pursuant to a Request for Production of Documents ("Request"). Plaintiff served its Request in November 2007. The responses and production were due on December 12, 2007. It should be noted that Defendant did not serve its own Request on Plaintiff until December 12, 2007. Defendant requested an extension of time to respond to the Request and was granted a one-month extension. Defendant was unable to meet the new deadline and was granted two additional extensions for an ultimate production date of February 6, 2008. Defendant did permit the inspection of the documents on December 20, 2007. However, the documents could not be copied because Defendant's counsel had not completed his review of the documents for attorney-client and work product privileges.

Plaintiff was granted extensions concomitantly with the extensions granted to Defendant so that Defendant would not obtain Plaintiff's documents until Defendant produced its documents to Plaintiff. Plaintiff produced its documents to Defendant within one week of the receipt of Defendant's documents. Had Defendant produced its documents in a timely manner, Plaintiff would not have permitted the motion to be a joint motion.

The second motion, filed on June 30, 2008, was brought at the request of Defendant because Defendant's expert witness had not been timely retained, and once retained, was unable to prepare for the originally scheduled mediation of June

2 and 3, 2008. Thus, the parties agreed to extend the mediation to August and amend the scheduling order so that fact and expert discovery could be conducted after the mediation, should the matter not settle.

The second amended scheduling order took into account that Defendant had not taken the depositions of Plaintiff's witnesses as Defendant's counsel knew at that time of bringing the motion that he would not take said depositions until after the mediation. Defendant cannot now complain there was not sufficient time to complete the depositions. Had Plaintiff decided to wait until after the mediation to take certain depositions, Plaintiff most certainly would have scheduled the depositions prior to the mediation as a precaution and to ensure the availability of the witnesses. If the case settled, the depositions could easily be taken off calendar.

Plaintiff filed its complaint on August 7, 2006. It is now two years later and Defendant is seeking yet another extension. Even at the commencement of this action, Defendant brought an unopposed motion for an enlargement of time (60 days) to respond to the complaint. The Court granted Defendant's motion and ordered the response be filed no later than October 13, 2006. Defendant then filed a motion for a more definite statement on October 13, 2006. After reviewing Defendant's motion, Plaintiff decided to amend its complaint. By motion filed on October 30, 2006, Plaintiff requested an extension of time to file the amended complaint. The Court granted the request and extended Plaintiff's time in which to file the amended complaint to November 30, 2006.

On November 30, 2006, Plaintiff filed its amended complaint. Thereafter, Defendant requested an enlargement of time to respond to the amended complaint. The Court granted the request and ordered that Defendant's response was due no later than January 19, 2007. Defendant filed its answer to the amended complaint on January 19, 2007. Then in June 2007, Defendant brought a motion for leave to

file an amended answer and counterclaim. The motion was granted and Plaintiff filed its answer to the counterclaim in July 2007. But for a 30-day request for enlargement, all requests for extensions of time have been brought by or caused by Defendant.

**C. The Current Scheduling Order Permits Sufficient Time To Complete The Expert Discovery.**

Another ground for the herein motion is that “certain information revealed during the mediation suggests that some further fact discovery is necessary regarding plaintiff’s claims, particularly its delay claims.” This statement has no basis in fact. All fact information provided by Plaintiff at the mediation was either obtained through the documents produced in the matter or through deposition testimony. Defendant has copies of all documents produced in this matter and attended all of the depositions. No additional information would be revealed, but for the testimony of Plaintiff’s witnesses, whom Defendant had ample opportunity to depose prior to and after the mediation.

The delays claims discussed at the mediation were presented by Plaintiff’s expert. The current scheduling order provides that the initial expert report disclosures are due on September 17, 2008, rebuttal disclosures on September 25, 2008 and completion of expert depositions by October 28, 2008. Thus, each party has sufficient time to investigate and analyze the other party’s experts’ opinions and reports. In addition, as ordered by the Honorable Eric G. Bruggink, the mediation briefs set forth all of the experts’ opinions and conclusions, which were also discussed at the mediation. Thus, each party has had the other party’s experts’ opinions and conclusions since mid-August 2008. Accordingly, there is no need to continue these deadlines.

Finally, Defendant’s counsel argues that Plaintiff’s monthly schedule updates were labeled in such a confusing manner that both Plaintiff’s and

Defendant's experts were confused as to which schedules to review in performing their respective analyses. Defendant would like the opportunity to perform written discovery on the schedule updates so that Defendant's expert can correct his report if necessary and Defendant's expert wants to subpoena certain information from Plaintiff's subcontractors. First, it was Defendant's expert who was confused as to which schedule updates to review. Plaintiff's expert knew which schedule updates to use because the updates were prepare by Plaintiff and Plaintiff advised its expert which ones were prepared during the construction of the Project. Second, had Defendant taken the necessary depositions, any confusion regarding the schedule updates could have been addressed and any additional information could have been timely obtained from the subcontractors. Finally, had Defendant retained its expert sooner, as Plaintiff did, any confusion could have been remedied through a more thorough and complete review and analysis of the project documents.

Defendant has argued in its motion that his schedule does not permit the completion of the expert discovery in the timeframe allotted because of his case load and his upcoming wedding. However, Defendant was aware of, and accounted for, his case load and his wedding prior to the filing of the second motion, and in fact mentioned the same in the second motion. To attempt to use this same information in this motion to extend the deadlines yet again is inappropriate.

**D. Conclusion.**

A review of the court file reflects a pattern by Defendant to seek time extensions. Plaintiff cannot continually agree to such conduct. Based on the current schedule and Appendix A to the Rules of the Federal Court of Claims, the earliest possible trial date is late February 2009. If the Court grants Defendant's motion, the earliest possible trial date is July 2009 - - five additional months and

three years after the commencement of this action. Accordingly, Plaintiff hereby respectfully requests the Court to deny Defendant's motion.

DATED: September 12, 2008

Respectfully submitted,

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Katherine M. Knudsen

Craig A. Ramseyer, Esq.
Katherine M. Knudsen, Esq.
530 B Street, Suite 2100
San Diego California 92101
Telephone (619) 238-1900
Facsimile (619) 235-0398

Attorneys for Plaintiff
T.B. Penick & Sons, Inc.

## CERTIFICATE OF FILING

I hereby certify that on September 12, 2008, a copy of the foregoing "OPPOSITION TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operations of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Carla Clark*
Carla Clark